UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KATHLEEN VITA,                          )          Civ. No. 1:24-cv-13228
                                        )
            For herself and the class,  )
                                        )
v.                                      )
                                        )
                                        )
NEW ENGLAND BAPTIST HOSPITAL            )
                                        )

## DEFENDANT NEW ENGLAND BAPTIST HOSPITAL'S
## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441(a), 1446, and 1367,

Defendant New England Baptist Hospital ("NEBH") hereby removes this action from Suffolk

Superior Court to the United States District Court for the District of Massachusetts. Plaintiff

Kathleen Vita strategically chose to commence this putative class action in state court, alleging only a state

statutory claim against NEBH. Twenty months later, after the Massachusetts Supreme Judicial Court

foreclosed her state statutory claim, Plaintiff now seeks to reinvent her lawsuit by replacing that non-viable

claim with several different claims, including (for the first time) a federal statutory claim. Removal is

proper for the following reasons:

Timeliness

1.      On April 7, 2023, Plaintiff filed an original complaint in Suffolk Superior Court,

alleging just one count: violation of the Massachusetts Wiretap Act, Mass. G.L. c. 272 § 99.

NEBH moved to dismiss the complaint. The Superior Court denied NEBH's motion but

simultaneously reported its decision to the Massachusetts Appeals Court for interlocutory

review. The Massachusetts Supreme Judicial Court then accepted NEBH's application for direct

appellate review and, in October 2024, reversed the denial of NEBH's motion to dismiss. Copies

1

of the pleadings and other documents that were previously served and filed with the state courts are attached hereto and marked as Exhibits A-D.

2.      On December 3, 2024, counsel for Plaintiff informed counsel for NEBH that Plaintiff intended to move to amend her complaint to remove the failed Massachusetts Wiretap Act claim and replace it with several new counts, including a claim under the federal wiretap act, which is also known as the Electronic Communications Privacy Act ("ECPA") (18 U.S.C. § 2510, *et seq.*). On that day, Plaintiff's counsel sent a courtesy copy of the proposed Amended Complaint to counsel for NEBH, along with filing in the Superior Court and serving a notice of intent to file a motion for leave to amend. Plaintiff's counsel then served counsel for NEBH with the motion to amend, the proposed Amended Complaint, and the supporting memorandum of law on December 9, 2024, pursuant to Massachusetts Superior Court Rule 9A. *See* Exhibits E-01, E-02, and E-03.

3.      Given that Plaintiff's proposed amendment of her complaint raises, for the first time in this litigation, grounds for removal to this Court on the basis of federal question jurisdiction, the removal procedures statute, 28 U.S.C. § 1446, affords NEBH only 30 days in which to accomplish such removal. There is conflicting law on specifically when the 30-day clock starts for a notice of removal in the context of a motion to amend a complaint seeking to add claims that create a basis for federal jurisdiction, and the First Circuit has yet to decide the issue. *See, e.g., Welter v. Med. Pro. Mut. Ins. Co.*, No. 22-11047, Order, Dkt. No. 43 at *1 (D. Mass. Sept. 19, 2022) ("This Court agrees with the majority of courts that have held that the 30-day removal period starts when the state court grants a motion to amend."); *Harriman v. Liberian Mar. Corp.*, 204 F. Supp. 205, 206 (D. Mass. 1962) ("Congress did not condition the running of the twenty day period upon receipt by defendant of knowledge that a

motion had been allowed but, rather, on the receipt by defendant of a document which would

bring home to that defendant the fact that plaintiff had changed his claim and increased it to a

sum in excess of the jurisdictional amount."); *see also Universal Semiconductor, Inc. v. Tuoi*

*Vo*, No. 16-cv-04778, 2017 WL 2719987, at *1-2 (N.D. Cali. Feb. 9, 2017) (describing the

three approaches taken by federal courts across the country to this issue). Out of an abundance

of caution, NEBH now removes within 30 days of its first receipt of notice of the proposed

Amended Complaint. Since NEBH received notice of the proposed Amended Complaint no

sooner than December 3, 2024, the removal of this matter is timely.

<u>Venue</u>

4.      Venue is proper under 28 U.S.C. § 1441(a), which provides for removal to the

District Court of the United States with jurisdiction over the place where the action is pending.

Suffolk County Superior Court is within the territorial jurisdiction of the United States District

Court for the District of Massachusetts, Eastern Division.

<u>Summary of Plaintiff's Claims</u>

5.      NEBH is a non-profit corporation and public charity operating a hospital in

Boston and serving other parts of the Greater Boston area. As part of performing its

charitable mission, and consistent with the contemporaneous practice of most (if not all)

hospitals, NEBH has a website that allows the public to view information about its services

and browse other information. Plaintiff alleges that she is an NEBH patient and a user of its

website.

6.      Plaintiff brings the action on behalf of herself and a putative class of other

individuals. Plaintiff's proposed Amended Complaint asserts claims under the ECPA and

the Massachusetts Right to Privacy Act, G.L. c. 214 § 1B, in addition to common law

claims for breach of fiduciary duty, negligence, breach of confidence, breach of contract, and unjust enrichment. *See* Exhibit E-03, Proposed Amended Complaint at ¶¶ 148-224.

7.    Plaintiff's claims relate to NEBH's alleged use of website software provided by Google, Meta/Facebook, and other companies on its public website—a practice widespread among hospitals, other non-profits, for-profit businesses, and government entities at the relevant time. On the basis of this ubiquitous practice, Plaintiff alleges that "New England Baptist aided Google, Facebook (now known as 'Meta,' but referred to in this complaint as 'Facebook'), and other companies to secretly intercept healthcare consumers' communications with New England Baptist by injecting hidden code into the New England Baptist Website." *See* Exhibit E-03, Proposed Amended Complaint at ¶ 2.

<u>This Court Has Federal Question Jurisdiction Over the ECPA Claim and Supplemental Jurisdiction Over All Other Claims.</u>

8.    An action could have been filed in federal court if it arises under the Constitution, laws, or treaties of the United States, presenting a federal question. 28 U.S.C. §1331. This Court has jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a).

9.    This Court has subject matter jurisdiction over the ECPA claim in the proposed Amended Complaint because it "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Gunn v. Minton*, 568 U.S. 251, 257 (2013) ("[A] case arises under federal law when federal law creates the cause of action asserted.").

10.    This Court has supplemental subject matter jurisdiction over the remaining claims in the proposed Amended Complaint because they "are so related to claims in the action within [the district court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Supplemental jurisdiction is proper when the state and federal claims "derive from a common nucleus of operative fact or are such that [they] ... would ordinarily be expected to [be] tr[ied] ... in one judicial proceeding." *Allstate Interiors & Exteriors, Inc. v. Stonestreet Constr., LLC*, 730 F.3d 67, 72 (1st Cir. 2013) (citation and internal quotations omitted). Here, Plaintiff's remaining claims in her proposed Amended Complaint "derive from a common nucleus of operative fact" as the ECPA claim, meaning that this Court should exercise supplemental jurisdiction over them.

## NOTICE AND DEFENSES

11.     Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served on Plaintiff, and such notice will be filed with the Massachusetts Superior Court.

12.     NEBH will also file with the clerk of the Massachusetts Superior Court and will serve upon Plaintiff a notice of the filing of this Notice of Removal.

13.     By filing this Notice of Removal, NEBH neither waives any available objections or other defenses nor admits any allegations in Plaintiff's proposed Amended Complaint.

## STATE COURT PLEADINGS

14.     NEBH includes copies of the state court pleadings and orders attached to this Notice of Removal. NEBH attaches and incorporates by reference true and correct copies of the pleadings and other documents that were previously served and filed with the state courts. Pursuant to Local Rule 81.1(a), certified copies of these documents will be filed within 28 days.

**CONCLUSION**

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1441(a), 1446, and 1367, NEBH files

this Notice of Removal with United States District Court, District of Massachusetts removing

this action from the Massachusetts Superior Court for Suffolk County.


Respectfully submitted,

NEW ENGLAND BAPTIST
HOSPITAL

By its attorneys,


*/s/ Max Doherty*
David Quinn Gacioch (BBO#660784)
Max Doherty (BBO#713020)
McDermott Will & Emery LLP
200 Clarendon Street, Floor 58
Boston, MA 02116-5021
dgacioch@mwe.com
mdoherty@mwe.com
Telephone:  (617) 535-4000
Dated:  December 31, 2024               Facsimile:  (617) 535-3800

6

## <u>CERTIFICATE OF SERVICE</u>

I, Max Doherty, hereby certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 31, 2024. Counsel for Plaintiff will also be served via email at the addresses below:

Michelle H. Blauner
Shapiro Haber and Urmy LLP
One Boston Place, Suite 2600
Boston, MA 02108
mblauner@shulaw.com

Patrick J. Vallely
Shapiro Haber and Urmy LLP
One Boston Place, Suite 2600
Boston, MA 02108
pvallely@shulaw.com

Edward F. Haber
Shapiro Haber and Urmy LLP
One Boston Place, Suite 2600
Boston, MA 02108
ehaber@shulaw.com

_/s/ Max Doherty_